UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY SMITH AMERICANS FOR
REFORM, BARRET KISH, FERZELL
ARCHIE, RUSH HOLMES,

    Plaintiffs

v.

PATRICK M. MCPHARLIN,
DIRECTOR OF INSURANCE AND
FINANCIAL SERVICES; INTEGON
NATIONAL INSURANCE COMPANY;
THE HANOVER INSURANCE
COMPANY; ALLSTATE VEHICLE
AND PROPERTY INSURANCE
COMPANY; PROGRESSIVE
CASUALTY INSURANCE COMPANY;
AMERICAN AUTOMOBILE
INSURANCE COMPANY, THE
AMERICAN INSURANCE COMPANY;
AMERICAN ALTERNATIVE
INSURANCE CORPORATION;
NATIONAL GENERAL INSURANCE
COMPANY; TRANSAMERICA
CASUALTY INSURANCE COMPANY;
FARM BUREAU MUTUAL
INSURANCE COMPANY OF
MICHIGAN; STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY; AUTO-OWNERS
INSURANCE COMPANY; USAA
CASUALTY INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendants.

Case No. 2:17-CV-13392
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

_____/

**ORDER (1) DENYING PLAINTIFFS' MOTION TO ADJOURN NOTICE OF HEARING (DE 75) AND MOTION TO ADJOURN STATUS CONFERENCE (DE 76) AND (2) STAYING CASE PENDING THE MARCH 15, 2018 HEARING AND STATUS CONFERENCE**

**A.     Background**

On October 17, 2017, Plaintiffs Ray Smith, Americans for Reform, Barret Kish, Ferzell Archie, and Rush Holmes filed the instant lawsuit.  (DE 1.)  However, the complaint was only signed by Ray Smith and Barret Kish, both proceeding *pro se*.  (*Id.*)  Plaintiffs have filed three motions for leave to amend the complaint, a proposed "Amendment to the Original Complaint," and a proposed amended complaint, and all were signed only by "Ray Smith pro-se, et al" or "Ray Smith pro se, Americans for Reform et, al," with the exception of the proposed amended complaint which appears to have been signed again by Kish and Smith.  (DEs 51, 63, 64, 74, 77.)  The Defendants that have been served have filed motions to dismiss.  (DEs 43, 45, 46.)  Plaintiffs have filed a response to those motions, again signed only by Smith and Kish.  (DE 69.)

**B.     March 15, 2018 Hearing and Status Conference**

On February 6, 2018, the Court entered a notice of motion hearing, scheduling Defendants' motions to dismiss (DEs 43, 45, 46) and Plaintiff's then pending motions to amend (DEs 51, 63) for hearing on March 15, 2018 at 10:00

am. (DE 67.) The Court also entered a notice to appear for a status conference at that same date and time. (DE 68.) On February 28, 2018, Plaintiff Ray Smith filed a motion to adjourn the notice of motion hearing and a motion to adjourn the status conference, requesting only that the Court adjourn the hearing and status conference "at a date that would be convenient to the court's docket." (DEs 75, 76.)

Plaintiff Ray Smith's motions are **DENIED**. The parties must appear as directed on **THURSDAY, MARCH 15, 2018 at 10:00 A.M.**, at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Room 624, Detroit, Michigan.

### C. Case is stayed pending the March 15, 2018 hearing and status conference

The Court has "broad discretion … as an incident to its power to control its own docket" to stay some or all of pending proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Indeed, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Balancing the "competing interests" of the parties, and the interest of the Court in controlling its docket, I conclude that a stay of proceedings pending the March 15, 2018 hearing and status conference is warranted. Only Ray Smith and Barret Kish have signed the complaint in this matter, which they purport to bring on behalf of other individual plaintiffs as well as "Americans for Reform." However, parties in federal court "may plead and conduct their own cases personally or by counsel…." 28 U.S.C. § 1654. The statute "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). The reason for such a prohibition is to "'protect[] the rights of those before the court' by preventing ill-equipped layperson from squandering the rights of the party he purports to represent." *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (quoting *Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)).

Until the Court can ascertain the standing of the parties, the identities of the real parties, the parties' authorization to file this suit, and whether a non-attorney is seeking to represent others or is practicing law without a license, this case cannot proceed. This stay will be for a relatively short time period, and will not unduly prejudice the parties or hinder the progress of the litigation. Accordingly, the Court concludes that the best use of judicial resources is to stay this action pending

the March 15, 2018 hearing and status conference.  **The parties are reminded that all named plaintiffs are required to appear in person at the March 15th status conference, as none of them have counsel.**

    **IT IS SO ORDERED.**

Dated: March 2, 2018                  s/Anthony P. Patti
                                          Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 2, 2018, electronically and/or by U.S. Mail.

                                              s/Michael Williams
                                              Case Manager for the
                                              Honorable Anthony P. Patti