UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY SMITH,
et al.,

       Plaintiffs,                          Case No. 17-13392
                                                      Hon. Mark A. Goldsmith

vs.

PATRICK M. MCPARHLIN,
DIRECTOR OF INSURANCE
AND FINANCIAL SERVICES,
et al.,

       Defendants.
_____/

**OPINION & ORDER**
**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT DATED MAY 11, 2018 (Dkt. 89); (2) GRANTING DEFENDANT MCPHARLIN'S MOTION TO DISMISS (Dkt. 43); (3) GRANTING THE INSURANCE DEFENDANTS' MOTION TO DISMISS (Dkt. 45); (4) GRANTING DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS (Dkt. 46); (5) DISMISSING THE CLAIMS OF PUTATIVE PLAINTIFFS FERZELL ARCHIE, RUSH HOLMES, AND AMERICANS FOR REFORM WITHOUT PREJUDICE; AND (6) DISMISSING THE CLAIMS OF PLAINTIFFS RAY SMITH AND BARRET KISH WITH PREJUDICE**

This matter is now before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Anthony Patti. Magistrate Judge Patti recommended granting the motions to dismiss filed by Defendants Patrick McPharlin (Dkt. 43), the Insurance Defendants[1] (Dkt. 45), and Defendant Progressive Casualty Insurance Company (Dkt. 46). See 5/11/2018 R&R (Dkt. 89).

---

[1] As identified in their motion to dismiss, the Insurance Defendants are: the American Insurance Company, American Automobile Insurance Company, the Hanover Insurance Company, Progressive Casualty Insurance Company, American Alternative Insurance Corporation, Farm Bureau Mutual Insurance Company of Michigan, State Farm Mutual Automobile Insurance Company, Auto-Owners Insurance Company, Liberty Mutual Insurance Company, and USAA Casualty Insurance Company. Defs. Mot. to Dismiss at 4 n.1, PageID.195.

Plaintiffs Ray Smith and Barret Kish, proceeding pro se, timely filed objections (Dkt. 90). Having reviewed Plaintiffs' objections, the Court adopts the R&R, grants the Defendants' motions to dismiss and dismisses this action in its entirety.

## I. BACKGROUND

Plaintiffs in the instant matter contest the automobile insurance rate scheme in Michigan. Specifically, they contend that Defendants' use of non-driving factors to determine no-fault insurance rates violates the Fourteenth and Fifth Amendments, the Commerce Clause, and the Sherman Antitrust Act, 15 U.S.C. § 1. Plaintiffs seek injunctive and declaratory relief, as well as punitive damages of $810,000,000.00 "in back payments to policy holders that were charged excessive premiums." Compl. at 6, PageID.449 (Dkt. 1).

Magistrate Judge Patti recommended dismissing Plaintiffs Americans for Reform, Ferzell Archie, and Rush Holmes without prejudice, as these Plaintiffs were not represented by counsel and had not signed any pleading in this matter, nor had they appeared before the Court. R&R at 16, PageID.542. All Defendants filed motions to dismiss, which Magistrate Judge Patti recommended granting. Id. at 2, PageID.528.

## II. STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## III.     ANALYSIS

As an initial matter, Plaintiffs' objection contains approximately ten pages of generalized objections; essentially, Plaintiffs reiterate their prior arguments without explaining any specific objection. "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). The Court will review only those objections that have been properly raised.

In their first objection, Plaintiffs argue that Magistrate Judge Patti failed to address their due process claim on the merits. Pls. Obj. at 10, PageID.577 (Dkt. 90). Plaintiffs maintain that "[t]he denial of a statutory right by the defendants is a fundamental right that meets Article III Standing." Id. at 11, PageID.578. They also argue that their equal protection claim is based on the disparate treatment of motorists who live in Detroit and motorists who have "non Detroit territorial zip codes[.]" Id. at 12, PageID.579.

Article III standing is the "threshold" question in any federal case, and "determin[es] the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). Magistrate Judge Patti appropriately turned to the question of Plaintiffs' standing before addressing the merits of their Fourteenth Amendment claim. He determined that Plaintiffs did not have standing to bring their claims, which obviates any need to further inquire into their merits. Even after reaching such conclusion, he continued his analysis of the Fourteenth Amendment claims and determined that (1) such claims could not be asserted against the Insurance Defendants, as they were not state actors, and (2) McPharlin was immune from civil damages for such claims. Plaintiffs' contention that he failed to address the Fourteenth Amendment claim is without merit.

The Court overrules Plaintiffs' objection to Magistrate Judge Patti's conclusion that they lack standing. To establish standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest which is (a) "concrete and particularized," in that it affects the plaintiff in a "personal and individual way," and (b) "actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 560 n.1 (1992) (internal quotations omitted).

Plaintiffs claim that they have standing because they have suffered a constitutional injury.[2] They also claim that the denial of no-fault insurance by Defendants is an injury in fact. Pls. Obj. at 13, PageID.580. But as Magistrate Judge Patti concluded, Plaintiffs have pled nothing more than "vague and generalized assertions of possible injuries," R&R at 19, PageID.545, not a particularized injury. Their complaint does not allege that Smith or Kish purchased an insurance policy in Michigan, that they were overcharged for any such policy, or even that they are drivers in Michigan.[3] It states that Plaintiffs "were subjected to excessive auto insurance rates due to

---

[2] In the generalized objection portion of their filing, Plaintiffs allege that they "have standing under the Michigan No-fault Auto Insurance Statute to raise constitutional objections . . . ." Pls. Obj. at 1, PageID.568. They do not explain how the act confers standing on them to bring constitutional claims.

[3] While the objection states that Kish, during a hearing before Magistrate Judge Patti, "stated that his insurance quote was in excess of $10,000 for six months of a liability only auto insurance policy," Pls. Obj. at 11, PageID.578, and that Kish "was told by the Auto Insurance Companies that his rates would be based on his zip code . . .," id., these allegations do not appear in the complaint. Although the Court may consider evidence outside the pleadings on a motion brought under Rule 12(b)(1), see Nichols v. Muskingum Coll., 318 F.3d 674, 677 (6th Cir. 2003), the Court considers affidavits, not a statement made during a hearing, see id. ("[B]oth parties are free to supplement the record by affidavits."); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 916 (6th Cir. 1986) ("[I]n . . . a Rule 12(b)(1) . . . motion, the parties are free to supplement the record by affidavits[.]"). Thus, Kish's statements may not be used to support his argument on jurisdiction.

social economic class disparities," and "were subjected to penalties that included fines, imprisonment, and automobile impounded. drivers [sic] license revoked, license plates suspended, imprisonment, and or fined." Compl. at 6, PageID.449. There is nothing that suggests that these two individuals, Smith and Kish, have themselves suffered a concrete and particularized injury that is not conjectural or hypothetical.

Accordingly, this objection is overruled. As Plaintiffs do not have standing to bring their claims, the case can be dismissed on this basis alone and the Court need not examine the remainder of Plaintiffs' objections, which all pertain to the dismissal of claims brought by Smith and Kish. Plaintiffs do not object to the Magistrate Judge's conclusion that Holmes, Archie, and Americans for Reform's claims should be dismissed without prejudice because they were not represented by counsel and had not signed any pleading in this matter, nor had they appeared before the Court.

## IV. CONCLUSION

For the reasons provided, the Court adopts the R&R dated May 11, 2018 (Dkt. 89) and grants Defendants' motions to dismiss (Dkts. 43, 45, and 46). Plaintiffs Ray Smith and Barret Kish's claims against all Defendants are dismissed with prejudice; Plaintiffs Rush Holmes, Ferzell Archie, and Americans for Reform's claims are dismissed without prejudice.

SO ORDERED.

Dated: September 5, 2018       s/Mark A. Goldsmith
    Detroit, Michigan      MARK A. GOLDSMITH
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 5, 2018.

     s/Karri Sandusky
     Case Manager