UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY SMITH,
et al.,

        Plaintiffs,

vs.

PATRICK M. MCPARHLIN,
DIRECTOR OF INSURANCE
AND FINANCIAL SERVICES,
et al.,

        Defendants.
_____/

Case No. 17-13392
Hon. Mark A. Goldsmith

**OPINION & ORDER
DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT (Dkt. 98)**

The Court entered judgment in this case, dismissing Plaintiffs Ray Smith and Barret Kish's claims, on September 5, 2018. 9/5/2018 Op. & Order (Dkt. 95); Judgment (Dkt. 96). Plaintiffs timely filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. 98). For the reasons that follow, the Court denies Plaintiffs' motion.

**I.    BACKGROUND**

In this case, Plaintiffs challenge Michigan's statutory no-fault scheme, contending that Defendants' use of non-driving factors to determine no-fault insurance rates violates the Fifth and Fourteenth Amendments, the Commerce Clause, and the Sherman Antitrust Act, 15 U.S.C. § 1. The case was referred to Magistrate Judge Patti for all pretrial matters, and on May 11, 2018, Magistrate Judge Patti issued a report and recommendation ("R&R") that the Court grant Defendants' motions to dismiss. See 5/11/2018 R&R (Dkt. 89). This Court agreed with Magistrate Judge Patti that Plaintiffs lacked standing to bring their claims and dismissed the action. See 9/5/2018 Op. & Order. The Court reasoned that

1

> Plaintiffs have pled nothing more than "vague and generalized assertions of possible injuries," R&R at 19, PageID.545, not a particularized injury. Their complaint does not allege that Smith or Kish purchased an insurance policy in Michigan, that they were overcharged for any such policy, or even that they are drivers in Michigan. It states that Plaintiffs "were subjected to excessive auto insurance rates due to social economic class disparities," and "were subjected to penalties that included fines, imprisonment, and automobile impounded. drivers [sic] license revoked, license plates suspended, imprisonment, and or fined." Compl. at 6, PageID.449. There is nothing that suggests that these two individuals, Smith and Kish, have themselves suffered a concrete and particularized injury that is not conjectural or hypothetical.

Id. at 4-5.

## II. STANDARD OF REVIEW

Plaintiffs bring their motion pursuant to Federal Rule 59(e), which allows a party to file a motion to amend or alter a judgment, so long as the motion is filed within twenty-eight days after the entry of the judgment. See Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). "[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 395 (6th Cir. 2007). Additionally, a Rule 59(e) motion is "not intended as a vehicle to relitigate previously considered issues." Nagle Indus., Inc. v. Ford Motor Co., 175 F.R.D. 251, 254 (E.D. Mich. 1997).

## III. ANALYSIS

Plaintiffs raise several arguments as to why the Court should alter or amend its judgment. First, they argue that Magistrate Judge Patti failed to allow their brief to be filed with the complaint, which deprived them of access to the court; second, they say that Magistrate Judge Patti "failed to address the seriousness of the constitutional magnitude that the Michigan No Fault Auto Insurance

2

is mandatory" and failed to acknowledge that the statute's language is clear on its face. Pls. Mot. at 1-2. They point out that Bill Schuette, a former candidate for Michigan Governor, stated that Michigan's No Fault scheme is unfair, id. at 2, and argue that the auto insurance companies are state actors, id. at 3-4. Finally, they attach an affidavit from Plaintiff Kish, wherein Kish avers that he was provided an insurance quote of $5,599.00 for six months. Kish attaches a copy of the insurance quote, dated February 5, 2018, to his affidavit.

Plaintiffs do not explain how Magistrate Judge Patti's decision to strike their "civil action brief" constitutes a clear error of law. Magistrate Judge Patti explained that Plaintiffs' "brief" did not conform to the requirements of a pleading and/or motion as required by Federal Rules of Civil Procedure 7 and 8, and Local Rule 7.1, and was stricken accordingly. 3/20/2018 Order at 7 (Dkt. 83). Plaintiffs do not explain why this was improper. Further, Plaintiffs had an opportunity to object to this when they filed objections to the R&R; they did not do so.

As for their second objection, both this Court and Magistrate Judge Patti concluded that Plaintiffs did not have standing to bring their claims. Standing is the "threshold" question in any case, and determines whether the Court has the power to hear the suit. Warth v. Seldin, 422 U.S. 490, 498 (1975). It was not error for the Court to fail to address the merits of Plaintiffs' constitutional claims when Plaintiffs lacked standing.[1]

To the extent that Plaintiffs argue that statements made by Mr. Schuette on the campaign trail constitute newly discovered evidence, this argument also fails. Statements made by a gubernatorial candidate, even one who was serving as the state's Attorney General, neither establish that Plaintiffs have standing nor bear on the constitutionality of the No Fault statute.

---

[1] For this reason, the Court need not address the arguments made by Plaintiffs regarding whether the insurance companies are state actors and the role of the Michigan Automobile Insurance Placement Facility.

Nor is Kish's affidavit and accompanying insurance quote "newly discovered" evidence that supports Plaintiffs' claims. The insurance quote is dated February 5, 2018 – more than three months before Magistrate Judge Patti issued the R&R, and more than six months before this Court entered judgment. Plaintiffs do not explain their failure to submit this evidence in connection with their previous filings.[2] The Court will not consider this evidence after it has already entered judgment. See Nagle Indus., 175 F.R.D. at 254 ("[T]he Court will not consider any Rule 59(e) argument premised upon this previously available evidence that was not submitted on summary judgment.").

In sum, Plaintiffs have not identified any clear error of law or newly discovered evidence that would cause this Court to alter or amend its judgment. Plaintiffs' motion is denied.

## IV. CONCLUSION

For the reasons provided, Plaintiffs' motion to alter or amend judgment (Dkt. 98) is denied.

SO ORDERED.

Dated: May 31, 2019　　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 31, 2019.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager

---

[2] As this Court noted in its previous opinion, Plaintiffs objected to the R&R because Kish "stated that his insurance quote was in excess of $10,000 for six months of a liability only auto insurance policy" at a hearing before Magistrate Judge Patti. 9/5/2018 Op. & Order at 4 n.3. It is unclear whether this statement was referring to the insurance quote that Kish attaches to the motion to alter or amend judgment. Regardless, this information was never submitted as evidence.

4